■ THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of the State of New York, Appellant, v ERNST & YOUNG LLP, Respondent. [980 NYS2d 456]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about January 10, 2013, which granted defendant's motion to dismiss the claim for disgorgement of fees received from Lehman Brothers Holdings Inc., unanimously reversed, on the law, without costs, and the motion denied.

In this action by the Attorney General brought under New York's Executive Law and Martin Act (General Business Law art 23-A), it was error to dismiss a claim for the equitable remedy of disgorgement at the pleading stage (*see Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 125-126 [2008], *cert denied sub nom. Cross Country Bank, Inc. v New York*, 555 US 1136 [2009]).

Defendant argues that the remedies provided in both General Business Law § 353 (the Martin Act) and Executive Law § 63 do not include disgorgement. Rather, the statutes specify that the remedies available are injunctive relief, restitution and cancellation of a business certificate. It also avers that restitution may be obtained in a class action settlement that would be duplicative of remedies sought here.

However, where, as here, there is a claim based on fraudulent activity, disgorgement may be available as an equitable remedy, notwithstanding the absence of loss to individuals or independent claims for restitution (*see Applied Card Sys.*, 11 NY3d at 125-126). Disgorgement is distinct from the remedy of restitution because it focuses on the gain to the wrongdoer as opposed to the loss to the victim (*id.* at 125). Thus, disgorgement aims to deter wrongdoing by preventing the wrongdoer from retaining ill-gotten gains from fraudulent conduct. Accordingly, the remedy of disgorgement does not require a showing or allega-

tion of direct losses to consumers or the public; the source of the ill-gotten gains is "immaterial" (*see Securities & Exch. Commn. v Commonwealth Chem. Sec., Inc.*, 574 F2d 90, 102 [2d Cir 1978]; *see also Excelsior 57th Corp. v Lerner*, 160 AD2d 407, 408-409 [1st Dept 1990] [in a fiduciary duty context]).

Therefore, while the Attorney General does not allege direct injury to the public or consumers as a result of defendant's alleged collusion with Lehman Brothers in committing fraud, the equitable remedy of disgorgement is available in this action, and it was premature to categorically preclude it at the pleading stage.

Nor would ordering disgorgement be tantamount to an impermissible penalty, since the "wrongdoer who is deprived of an illicit gain is ideally left in the position he would have occupied had there been no misconduct" (Restatement [Third] of Restitution and Unjust Enrichment § 51, Comment *k*; *see also Matter of Blumenthal [Kingsford]*, 32 AD3d 767, 768 [1st Dept 2006], *lv denied* 7 NY3d 718 [2006]).

We further note that maintaining disgorgement as a remedy within the court's equitable powers is crucial, particularly where the Attorney General may be precluded from seeking restitution and damages if defendant settled the private class action against it (*see Applied Card Sys.*, 11 NY3d at 125-126). Concur—Sweeny, J.P., Andrias, Freedman, Richter and Clark, JJ.