■ SNI/SI NETWORKS LLC, Appellant, v DIRECTV, LLC, Respondent. [18 NYS3d 342]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 29, 2015, which denied plaintiff's motion for a protective order under CPLR 3103, and directed plaintiff to produce the agreements it has with its other clients, subject to a confidentiality agreement, unanimously affirmed, with costs. Order, same court and Justice, entered May 27, 2015, which, to the extent appealed from, permits defendant's in-house counsel to review the aforesaid agreements, unanimously affirmed, with costs.

The agreements that plaintiff has with its other distributors are "material and necessary" to defendant's defense of antecedent breach (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968]; *Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance*, 226 AD2d 175 [1st Dept 1996]). Defendant demonstrated a factual basis for its defense and that the " 'discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the [defense]' " (*see Abrams v Pecile*, 83 AD3d 527, 528 [1st Dept 2011]).

As to plaintiff's request to designate the sought information for "outside counsel eyes only," the parties are not business competitors (*see Matter of Bernstein v On-Line Software Intl.*, 232 AD2d 336, 337 [1st Dept 1996], *lv denied* 89 NY2d 810 [1997]), and plaintiff's claim that permitting an in-house counsel of defendant to view the information "would visit needless competitive harm on [plaintiff]" is conclusory. To the extent plaintiff is concerned about exposing competitive confidential information belonging to its other distributors, who may be defendant's competitors, this concern is alleviated by the confidentiality order (*see Twenty Four Hour Fuel Oil Corp.*, 226 AD2d at 176). Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.