Matter of People of the State of New York v Northern Leasing Sys., Inc. (2025 NY Slip Op 00030)

Matter of People of the State of New York v Northern Leasing Sys., Inc.

2025 NY Slip Op 00030

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 450460/16 Appeal No. 3375-3376 Case No. 2023-05369 

[*1]In the Matter of People of the State of New York, etc, et al., Petitioners-Respondents,
v
Northern Leasing Systems, Inc. et al., Respondents-Appellants. 

Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for Northern Leasing Systems, Inc., Lease Finance Group LLC, MBF Leasing LLC, Lease Source-LSI, LLC, Golden Eagle Leasing LLC, Pushpin Holdings LLC, Jay Cohen and Neil Hertzman, appellants.
Rottenberg Lipman Rich P.C., New York (Robert A. Freilich of counsel), for Joseph I Sussman, P.C., Joseph I. Sussman and Eliyahu R. Babard, appellants.
Letitia James, Attorney General State of New York (Blair J. Greenwald of counsel), for respondents.

Amended order, Supreme Court, New York County (Lucy Billings, J.), entered on or about October 10, 2023, which granted petitioners' motion for monetary relief to the extent of ordering restitution of $680,990,038 from respondents Northern Leasing Systems, Inc., Lease Finance Group LLC, MBF Leasing LLC, Lease Source-LSI, LLC, Golden Eagle Leasing LLC, Pushpin Holdings LLC, Jay Cohen, and Neil Hertzman (collectively, Northern Leasing respondents), and disgorgement of $9,303,157.77 from respondents Joseph I. Sussman, P.C., Joseph I. Sussman, Esq. and Eliyahu R. Babad, Esq. (collectively, attorney respondents), unanimously modified, on the law, to limit respondent Babad's joint and several liability for the disgorgement award to the fees he earned for respondent law firm for work performed in the relevant time frame in connection with the equipment finance leases and the debt collection actions with respect to those leases, and otherwise affirmed, without costs.
In orders entered in June 2020, the motion court granted petitioners' motion for a summary determination of the petition in this special proceeding under Executive Law § 63 (12). Petitioners alleged that respondents engaged in repeated and persistent fraud pertaining to unconscionable equipment finance leases for credit card processing equipment, and that they attempted to enforce the lease obligations, which were created through misrepresentations and fraud, through abusive pre-litigation and litigation practices aimed at manufacturing unlawful default judgments in debt collection actions. The court issued a permanent injunction to halt respondents' fraudulent and abusive practices, and ordered rescission of the leases, vacatur of the default judgments procured through the fraudulent scheme, and restitution from the Northern Leasing respondents and disgorgement from the attorney respondents. This Court affirmed the court's orders (Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]).
Upon petitioners' motion, which respondents opposed, the motion court issued the monetary award order under appeal. The court concluded that it could determine the restitution and disgorgement issues without the need for an evidentiary hearing. The court awarded $680,990,038 in restitution against the Northern Leasing respondents based on the payments they had collected in connection with their fraudulent lease scheme, minus the value of the leased equipment, and ordered disgorgement of $9,303,157.77 in attorneys' fees paid to the attorney respondents as ill-gotten gains obtained in assisting the fraudulent scheme.
Initially, the doctrine of law of the case does not require reversal of the restitution or disgorgement awards. This Court's decision affirming the motion court's June 2020 orders did not preclude the motion court from issuing its restitution award based on the record before it. Nor did it require the motion court to limit the disgorgement to [*2]the attorneys' fees collected from the defendants in the collection actions, or preclude the court from ordering disgorgement of the attorneys' fees the Northern Leasing respondents paid to the attorney respondents for their work in assisting in the fraudulent lease scheme and related debt collections.
Where, as here, there has been a determination of liability under Executive Law § 63 (12) for the type of extensive fraud alleged in the petition, the court had the authority to direct restitution, and we find that the formula the court fashioned for restitution was, based on the particular facts and circumstances, "reasonable and within the court's sound discretion" (see People v General Elec. Co., 302 AD2d 314, 316-317 [1st Dept 2003]). Proper restitution did not require the court to determine and deduct the purported benefits conferred on the lessees by their use of the leased equipment during the relevant lease periods. Nor did this approach violate respondents' due process rights.
Given the liability determinations with respect to the attorney respondents, we find that the court reasonably ordered disgorgement of the attorneys' fees the Northern Leasing respondents paid to the attorney respondents, without requiring a specific evidentiary showing that each fee was based on legal work in connection with a collection action in which the guarantor defendant alleged and could prove fraud (see generally People v Ernst & Young LLP, 114 AD3d 569, 569-570 [1st Dept 2014]). We further find that the motion court did not fail to deduct any attorneys' fees that attorney respondents showed were paid for work insufficiently related to the work they performed in connection with the fraudulent lease scheme and related debt collections.
However, as attorney respondents correctly argue, holding respondent Babad jointly and severally liable for the full disgorgement amount is grossly inequitable and punitive, as he was an associate paid only a salary and there is no evidence that he worked on all the collection matters. Accordingly, the order should be modified to limit Babad's liability for the disgorgement award only to the fees that he earned for respondent law firm based on work he performed in connection with the lease issues and collection matters.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025