**People v TikTok Inc.**

2026 NY Slip Op 30862(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No. 452749/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

------------------------------------------------------------------------X

People of the State of New York by Letitia James,
Attorney General of the State of New York

                              Plaintiff,

                        - v -

TikTok Inc., TikTok LLC, TikTok U.S. Data Security
Inc., TikTok PTE. Ltd, TikTok, Ltd., ByteDance Inc.,
ByteDance Ltd.

                             Defendants.

| **INDEX NO.** | 452749/2024 |
| --- | --- |
| **MOTION DATE** | 2/1/2026 |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 197–222, 224, 226, 287–296 were read on this motion for <u>DISCOVERY</u>.

Plaintiff The People of the State of New York by Letitia James, Attorney General of the State of New York ("OAG" or "Plaintiff") moves pursuant to CPLR § 3124 for an order seeking to compel production of documents by TikTok Inc., TikTok LLC, TikTok U.S. Data Security Inc., TikTok Pte. Ltd., TikTok Ltd., ByteDance Inc., and ByteDance Ltd. (collectively, "TikTok" or "Defendants") concerning financial information and Board materials for the period January 1, 2017 to the present ("Relevant Period") in response to its August 12, 2025 Amended Second Requests for Production 18, 19, 20, 24, and 36.  NYSCEF Doc. No. 201 (Plaintiff's RFPs). Defendants oppose the motion on the basis that the requested documents (1) have been produced; (2) do not exist; (3) are irrelevant; and/or (4) can only be produced by a burdensome collection process that is unlikely to yield relevant information.  *See* NYSCEF Doc. No. 288 at 1 (Defs.' Opp'n).

The Court held oral argument on the Motion on February 26, 2026.  *See* 2/26/26 Draft. Tr. of Oral Argument ("Tr.").  For the reasons as set forth herein, Plaintiff's Motion is granted to the extent as set forth below.

**Relevant Factual and Procedural Background**

Plaintiff commenced this action on October 28, 2024, alleging that TikTok employs a series of addictive design features to maximize young user engagement to increase profits at the expense of the mental health of young New Yorkers, and that TikTok has made misrepresentations to the New York public about the safety of the platform for teenagers and children.  NYSCEF Doc. No. 66 at ¶¶ 58–284 (Compl.).  Plaintiff alleges causes of action that arise under New York's consumer

452749/2024   People of the State of New York by Letitia James Attorney General of the State of New York
vs. TikTok Inc. et al
Motion No. 010

Page 1 of 7

protection statutes, including Executive Law § 63(12) and General Business Law §§ 349, 350. Compl. ¶¶ 298–323. Accordingly, Plaintiff seeks, *inter alia*, disgorgement of profits from ads directed to New York teen and pre-teen users as a result of TikTok' fraudulent, deceptive, and illegal acts and a civil penalty of $5,000 for each violation of GBL Article 22-A, pursuant to GBL § 350-d. *Id.* at Prayer for Relief b., c.

The Court set a discovery schedule *via* Preliminary Conference Order on February 4, 2025. NYSCEF Doc. No. 81 ("PC Order"). The Court has since amended the discovery schedule at the request of the parties. NYSCEF Doc. Nos. 164 (10/9/25 Amended PC Order), 196 (1/30/26 Second Amended PC Order). Pursuant to the foregoing, OAG served its Second Request for Production of Documents on Defendants on July 11, 2025. Defendants rejected them by Notice of Rejection on July 28, 2025. Following a conference with the Court, OAG served its Amended Second Request for Production of Documents on August 12, 2025. Defendants again rejected them by Notice of Rejection on August 27, 2025. Defendants withdrew their Notice of Rejection in connection with a stipulated extension of the discovery schedule on September 19, 2025. Defendants served their responses and objections to Plaintiff's RFPs on October 10, 2025. *See* NYSCEF Doc. 200 at ¶¶ 3, 4 (Heifetz Aff.). Accordingly, Defendants have been on notice of the RFPs at issue since at least August 12, 2025.

The RFPs at issue fall within two categories: (1) Defendants' financial information and (2) Defendants' Board of Directors materials. Plaintiff argues that, under CPLR § 3010(a), both categories of information are "material and necessary to the prosecution" of this action. The financial information sought concerning revenues, costs, and profitability directly bear upon the Court's assessment of civil penalties in this action and calculation of disgorgement. The Board materials for each of the Defendant entities are relevant to both liability and damages to the extent that they contain information concerning, for example, the safety of the platform, Defendants' financial position, and the corporate relatedness among the various Defendant entities for purposes of ascertaining joint liability.

Defendants direct the Court to their voluminous production of documents to date and assert that the discovery Plaintiff seeks to compel is either irrelevant to the claims at issue, which are specifically targeted at conduct and activity in New York, and/or contains a disproportionally heavy burden that is unlikely to yield relevant results. Defendants further argue that they have agreed to produce certain financial information that should satisfy their discovery obligations— specifically, 2018–2024 income statements and balance sheets for Defendant TikTok Inc. (the U.S.-based entity operating the TikTok platform, *see* Compl. at ¶ 23); New York State and New York City tax returns for Defendants TikTok Inc., TikTok U.S. Data Security Inc., and ByteDance Inc. in unredacted form; advertising revenues from 2022–2025 for New York users; revenue-related information for TikTok LIVE related to New York users; and Average Revenue Per User (ARPU) calculations for 2022–2023 and 2024–2025 for New York users.

Defendants further state that they have reviewed Board resolutions for all of the Defendant entities, except for Defendant ByteDance Ltd., and have determined that no responsive material exists. Defs.' Opp'n at 7. Notably, Defendants do not dispute that they have not sought, nor produced, any discovery from Defendant ByteDance Ltd., which is the "parent and owner of ByteDance, Inc. and TikTok, Ltd. TikTok, Ltd. owns TikTok LLC and TikTok Pte. Ltd. TikTok LLC in turn owns TikTok Inc., which owns TikTok USDS" and "created and owns the proprietary

452749/2024   People of the State of New York by Letitia James Attorney General of the State of New York          Page 2 of 7
vs. TikTok Inc. et al
Motion No. 010

[* 2]

algorithm that underlies TikTok's 'For You' feed." Compl. at ¶¶ 29, 31; *see also* Tr. at 44:3–6, 19–22; 45:13–46:5.

## Legal Standard

Discovery in civil actions requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." CPLR § 3101(a). The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist . . . [in] sharpening the issues and reducing delay and prolixity. *Kapon v. Koch,* 23 N.Y.3d 32, 38 (2014). The Commercial Division Rules additionally require that the "costs and burdens of discovery . . . shall be proportionate to its benefits, considering the nature of the dispute, the amount in controversy, and the importance of the materials requested to resolving the dispute." 22 NYCRR § 202.70(11-c)(d). A party seeking discovery must demonstrate that "the request is reasonably calculated to yield information that is material and necessary—*i.e.* relevant." *Forman v. Henkin*, 30 N.Y.3d 656, 661 (2018) (internal citations omitted). Therefore, a party must produce the requested documents if the "discovery sought will result in the disclosure of relevant evidence related to the parties' claims or defenses." *SNI/SI Networks LLC v. DIRECTV LLC*, 132 A.D.3d 616, 617 (1st Dept. 2015).

New York's consumer protection statutes empower the OAG to seek civil penalties pursuant to GBL § 350(d), and disgorgement pursuant to Executive Law § 63(12) of any ill-gotten gains resulting from Defendants' unlawful activities within the State of New York. "The purpose of such penalties is not to compensate consumer injuries, but rather to punish unlawful conduct and to deter future violations. However, the question of whether to impose a penalty in the first instance, as well as the amount thereof, is a matter which rests in the discretion of the Court." *People v. Applied Card Sys., Inc.*, 2006 N.Y. Misc. LEXIS 9527, **23–24 (Sup. Ct. Albany Cnty. Jan. 19, 2006) (internal citations omitted). Courts may consider factors such as ability to pay, whether the amount of penalty would be a meaningful deterrent, and whether the penalty would eliminate the benefit derived by the violations. *Id*.; *see also People v. Applied Card Sys., Inc.,* 41 A.D.3d 4, 10 (3d Dept. 2007), *aff'd*, 11 N.Y.3d 105 (2008) (recognizing broad discretion to the trial court to determine an appropriate penalty as long as the "choice is explained" and the amount "is not disproportionate to the offense") (internal citations omitted). "[It is] of critical importance that the court have adequate information on the issues to be considered in assessing [a] penalty." *United States v. J. B. Williams Co.,* 498 F.2d 414, 438–39 (2d Cir. 1974). Further, where a claim is based "on fraudulent activity, disgorgement may be available as an equitable remedy." *People v. Ernst & Young LLP*, 114 A.D.3d 569, 569 (1st Dept. 2014) (internal citation omitted).

*Financial Documents (RFPs 18–20, 24)*

Plaintiff seeks documents responsive to RFPs 18, 19, 20, and 24 seeking, *inter alia*, annual audited financials, documentation and analyses related to revenue, costs, and profitability of the TikTok platform provided to auditors, annual reporting packages, policies for defining variable and fixed costs, and profitability analysis by region.

The Court observes that certain limitations on Defendants' ability to produce "all" documents in response to RFPs 18–20, and 24 are undisputed: Defendants are private entities and do not produce audited financial statements (with the possible exception of Defendant ByteDance

452749/2024 **People of the State of New York by Letitia James Attorney General of the State of New York** Page 3 of 7
**vs. TikTok Inc. et al**
**Motion No. 010**

Ltd., *see* Tr. 18:21–25); certain data requested is not maintained in the manner Plaintiff seeks (for example, Defendants do not maintain financials showing revenues/costs/profitability by feature and do not break down costs on a state-by-state basis beyond what is reported in tax returns); and it would be overly burdensome for Defendants to produce—where requested—"all documents" (*see, e.g.*, RFP 20). Defs.' Opp'n at 5, 6.

Further, the Court agrees with Defendants that this action is limited to New York-centric conduct and the alleged harm to New York users. Nevertheless, there is no dispute that Defendant entities—including Defendant ByteDance Ltd.—derive profits and advertising revenues from New York users. Further, the Complaint alleges in clear terms the role and involvement of ByteDance Ltd. in the underlying conduct. *See, e.g.*, Compl. ¶¶ 29, 39 ("ByteDance Ltd. and TikTok, Ltd. retain authority to approve or deny implementation of TikTok's 'safety features'"); 41 ("ByteDance Ltd. controls legal compliance and oversight at TikTok Inc."); 42 ("Upon information and belief, TikTok maintains one centralized bank account for ByteDance Ltd.'s more than a dozen products, including TikTok").

The Court determines that the financial information requested is relevant to Plaintiff's application for damages and the Court's assessment of both a civil penalty and disgorgement, and the amounts thereto. Defendants' argument appears to hinge on the notion that the Court "*may*" consider various factors in assessing a penalty amount and a representation that Defendants do have the ability to pay any damages amount. Defs.' Opp'n at 9; Tr. at 30:16–33:8. These arguments are unpersuasive and have no basis in law. The Court, and Plaintiff, are entitled to information enabling them to seek and assess an appropriate civil penalty and disgorgement calculation.

Further, there has been no determination as to which of Defendant entities will bear liability (if found) and pay the damages amount. Therefore, there is no basis to seek financial information from some, and not all, Defendant entities. Further, the Complaint alleges that the Defendant entities are part of a common enterprise and therefore, information as to how cash flow is apportioned by and among the Defendant entities is relevant to the issue of joint liability.

With respect to Defendant ByteDance Ltd., Defendants have taken no steps to collect, review, or produce financial information in response to RFPs 18–20, and 24. Defendants argue that financial information from ByteDance Ltd. is irrelevant because it is located in China, has numerous business lines in addition to TikTok, and only derives 17% of its TikTok revenue from the entire United States, and a small percentage of the 17% from New York. Defs' Opp'n at 16; Tr. at 40:8–15. Not only do Defendants lack any basis for these statements because no efforts have been made to collect discovery, but they also concede that ByteDance Ltd. derives revenues from New York users, creating sufficient nexus to obtain discovery from the ByteDance Ltd.—a named Defendant in this action. Additionally, the OAG argues that an affirmation, provided by Defendants from an individual familiar with Defendants' accounting practices, attests that "reserve figures [in TikTok Inc.'s financial statements] come from ByteDance" adding support for the materiality of the financial information requested for ByteDance Ltd. Tr. at 8:20–9:1.

Accordingly, the Court grants Plaintiffs' motion and directs Defendants, including ByteDance Ltd., to produce documents sufficient to show revenues, costs, and profitability analyses relating to the TikTok platform in response to RFPs 18–20, and 24 for the Relevant

452749/2024  **People of the State of New York by Letitia James Attorney General of the State of New York**     **Page 4 of 7**
vs. TikTok Inc. et al
Motion No. 010

[* 4]

4 of 7

Period. With respect to the New York State and New York City tax returns produced to date, the Court directs that Defendants produce all New York State and New York City tax filings for the Relevant Period in unredacted form, any workpapers provided to the accountants to prepare the returns and the backup for the tax filings. Regarding the financial summaries that have been produced, *see, e.g.*, NYSCEF Doc. No. 205 (Ex. E., TTI-AG-011946624, 2024 Summary), the Court directs Defendant to produce the underlying back-up for the summaries for the Relevant Period. To the extent that any of the aforementioned documents and information can be segregated to present only New York financials/operations/users, Defendants have leave to produce them as such. For the avoidance of doubt, the Court is not directing Defendants to create or manufacture new documents/information in response to the RFPs.

Regarding the advertising revenue and ARPU calculations produced to date for some portion of the Relevant Period, *see* Defs' Opp'n at 7, the Court directs Defendants to supplement their prior production to include said information for the entirety of the Relevant Period. Defendants do not dispute that this information is highly relevant to assess, for example, New York-specific profitability potentially subject to disgorgement. Defendants have already produced responsive material that was not readily available by accessing existing databases. Defendants are unable to articulate why the same approach cannot be replicated for the gap periods. Tr. at 36:4–38:18.

The Court further directs Defendants to produce affidavit(s) from individual(s) with first-hand knowledge that describes the database sources, and productions (both to date and as directed herein), how the figures are calculated, any assumptions applied to exclude or include data, and the results supplied consistent with the agreed-upon ESI protocol that requires the producing party to identify database sources, information about the database sources, and validation methods used in the review process. NYSCEF Doc. No. 84 at ¶¶ 10, 12 (Stipulation and Order Governing the Production of Electronically Stored Information and Hard Copy Documents).

*Board Materials (RFP 36)*

Plaintiff seeks Board materials, including presentations, agendas, minutes, summaries, and reports, for the Relevant Period from each of the Defendant entities. As the Court previously observed, Board materials are highly relevant to the extent that they contain information related to any number of allegations in the Complaint—*e.g.*, knowledge about the addictive nature of the TikTok platform's features, creation and deployment algorithms used to power the platform features, publicity concerning the safety of the platform, and revenue derived from the platform.

Defendants maintain that Defendant entities other than ByteDance Ltd. do not hold regular Board meetings and therefore materials, such as minutes, do not exist. Defs.' Opp'n at 15. Nevertheless, Defendants collected and reviewed Board resolutions for Defendant entities—other than ByteDance Ltd.—and determined that they did not contain responsive information. *Id*. Accordingly, Defendants argue that any further search and production of Board materials would be "all the more unreasonable and unduly burdensome." *Id*. Defendants have taken no steps to collect, review, or produce Board Materials from ByteDance Ltd. in response to RFP 36. Therefore, Defendants' representation that any collection and review of Board materials from Defendant ByteDance Ltd. would be futile is entirely confounding to this Court. In fact, logic

452749/2024 **People of the State of New York by Letitia James Attorney General of the State of New York** vs. TikTok Inc. et al
Motion No. 010

**Page 5 of 7**

5 of 7

would dictate that because ByteDance Ltd. is the only named entity that does hold Board meetings, it is reasonable that such materials contain responsive information.

In fact, the Court's supposition is not far-fetched. In response to a third-party subpoena served upon a Board member of ByteDance Ltd., Plaintiff has submitted at least two presentations that contain relevant information about TikTok's growth, net revenue, statements about the platform's safety, financial performance, and data concerning user experience on the platform. *See, e.g.,* NYSCEF Doc. Nos. 207 (TTI-AG-LIT-001775860, October 2021 Board presentation) at 4–5, 7, 20–22, 29; 209 (*NYAG-TT-1482770,* January 2022 Board presentation) at 14–15. These documents, which are in the possession of Defendant ByteDance Ltd., bear directly upon the issues of liability and damages in this action. Defendants have not put forth any credible argument to shield ByteDance Ltd. from complying with its discovery obligations.

Accordingly, the Court grants Plaintiff's Motion and directs Defendants, including ByteDance Ltd., to produce Board materials (including, but not limited to, presentations, agendas, minutes, summaries, reports, and resolutions) in response to RFP 36. To the extent materials do not exist, the Court directs Defendants to produce affidavit(s) from individual(s) with first-hand knowledge that describes the Board structure and composition for each Defendant, Board materials that do or do not exist for each Defendant entity, and the searches conducted to determine whether materials exist and, if so, are responsive such that the Court is satisfied that a diligent search was conducted. *See Jackson v. City of New York,*185 A.D.2d 768, 769–770 (1st Dept. 1992) (affidavit from an individual with first-hand knowledge required showing that producing party conducted a "thorough and good faith effort" and specifically detailing what efforts had been made to locate the documents.); *Bd. of Managers of 252 Condo. v. World-Wide Holdings Corp.,* 652387/2022, 2024 N.Y. Slip Op. 31420(U), at *3–4 (Sup. Ct. N.Y. Cnty. April 13, 2024) (the affiant must state "where the subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found.").

The Court has considered the parties' remaining contentions and finds them to be unavailing.

Upon the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel production is GRANTED as set forth herein; and it is further

**ORDERED** that Defendants shall produce the documents and affidavits as set forth herein in response to RFPs 18–20, 24, and 36 within thirty (30) days of the e-filing of this Decision and Order; and it is further

**[*INTENTIONALLY LEFT BLANK*]**

452749/2024  **People of the State of New York by Letitia James Attorney General of the State of New York**         **Page 6 of 7**
**vs. TikTok Inc. et al**
**Motion No. 010**

6 of 7

**ORDERED** that parties shall file the February 26, 2026 transcript within thirty (30) days of the e-filing of this of this Decision and Order.

| | | |
|---|---|---|
| **March 6,2026** | | |
| **DATE** | | **ANAR RATHOD PATEL, A.J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**452749/2024 People of the State of New York by Letitia James Attorney General of the State of New York** Page 7 of 7
**vs. TikTok Inc. et al**
**Motion No. 010**

7 of 7

[* 7]